are committed not to obtain 15 minutes or five. Mr. Straub. Yes, Your Honor. Yes, ma'am. I wish. Yes. Good morning, Your Honor. Closing counsel. My name is Attorney James Straub. I'm assisted here with my associate attorney, Sarah Hartman. I've reserved five minutes of my argument time for rebuttal. I represent the interests of Officer Jason Haskins of the Berrien County Sheriff's Department. Officer Haskins was the lead officer in a situation which involved the serving of a search warrant on the residence of Jason Zuhl and his spouse. This occurred on January 29, 2010 in Berrien County, Michigan. We are here today primarily because of the denial of qualified immunity through the decision of Judge Hugh Brenneman, who was a magistrate district judge sitting as a district judge by agreement between counsel. It is my position here today that the case of Plumhart or Plumhoff, excuse me, is applicable to the circumstances of this case from a jurisdictional standpoint and also from a logic standpoint. If we follow the logic that the Supreme Court set out in the Plumhoff decision, I think we come to the clear-cut decision or clear-cut resolution that Judge Brenneman simply missed the last step of the logic conclusion that is presented. I believe that Plumhoff talks about using the Saussure approach, which is pretty standard for many years, in looking at cases of this type where there is a potential constitutional violation of an individual's rights. In this particular case, the first step then is to determine whether Zuhl had any violation of his constitutional rights carried out by the officer. What we have here is if we assume all of the facts in favor of the plaintiff, the officer came into the home, and there is no question but that he had a right to be there. And it then presents whether or not the officer, in the course of controlling Mr. Zuhl, who had disappeared around a partition in the home, disappeared around a wall, whether or not Mr. Zuhl's constitutional rights were violated when Officer Haskins gained control of him. Now, I would suggest that Officer Haskins has the right to gain control of him as part and parcel of the service of the search warrant. I would recite or cite the court to the case of Michigan v. Summers. It's a U.S. Supreme Court case, 452 U.S. 692. It's a 1981 case. And in that case, it was suggested by the, it was held by the Supreme Court, that the detention of an individual in the course of serving a search warrant represents only an incremental intrusion on personal liberty when the search of a home has been authorized by a valid warrant. So Officer Haskins... Isn't the question here not that he detained or held him, but the allegation that he hit Mr. Zuhl with a flashlight? There's no evidence to establish that he, I think that the allegation in paragraph 33 is what your, paragraph 33 of the first amendment complaint is what you're focusing on. Did he, as alleged in the complaint, Officer Haskins, that is, gratuitously and forcefully strike Plaintiff Zuhl in the eye? And the answer is plaintiff cannot establish that in any way under any factual circumstance that he had, that he can present to this court. There's no facts that Mr. Zuhl can present, and we've taken his deposition. His testimony that I was hit in the eye with a flashlight. I knew it was a flashlight because I heard the batteries rattle when it hit me. That does not, my argument to that, your honor, is simply this. That in and of itself is not sufficient to establish that it was gratuitously and forcefully striking the, Mr. Zuhl. Why isn't that just quintessentially a disputed material fact? But even if it is, that's where I think Plumhoff comes in. Okay, so you're going to concede that he gratuitously struck him with a flashlight? No, I'm not. I'm not conceding that. Then you are not taking the facts as the plaintiff says they are. No, what I'm saying is, I'm not conceding that fact at all, your honor. What I'm saying is that there's insufficient evidence to be presented by the plaintiff. He can't establish that. He can't establish that it's gratuitous. He simply can't because he doesn't know and he's so testified. I don't know what happened. His testimony is very, as you realize from reading the briefs in this case, very, very disjointed. So you want us to say we don't have jurisdiction? I do not say that you don't have jurisdiction. What I'm saying is— Johnson v. Jones would say that if your claim is there's insufficient evidence for us to proceed on the facts as the plaintiff says they are, insufficient evidence to premise a decision at summary judgment stage. If it's insufficient, Johnson v. Jones says we can't look at the question of whether the district court was right that it was not sufficient. And we can't, if it's insufficient, proceed on the basis of the plaintiff's facts. So we don't have jurisdiction. Alternatively, it seems to me, Plumhoff says, Well, if you can look at the facts as the plaintiff says that they are and proceed on the facts as the plaintiff says that they are and make a determination as a legal matter whether what happened violated his constitutional rights, then we have jurisdiction to at least proceed at this point to say, yeah, what happened was such that there should not be qualified immunity or occasionally what happened is such that absolutely these officers were entitled to qualified immunity because there's no way that what the plaintiff says happened could have violated his rights. But you're saying there's no way the plaintiff is going to be able to establish what he says happened, quintessentially Johnson v. Jones, but you still have jurisdiction to proceed in our favor. Here's how I would assess the circumstances here. The Plumhoff decision indicated that in the Johnson v. Jones case, the officers were saying they weren't even involved in the case. We don't have that situation. Yes, and the district court said, Well, there's some evidence. There's some evidence from which a jury might be able to find that you were. And then Plumhoff, looking at that, said, So that's a sufficiency question. And Johnson v. Jones would say in a sufficiency situation, no jurisdiction. But that's not what you're saying. No, what I'm saying here is that, in fact, the court should have granted the motion for summary judgment anyway because the plaintiff can't establish the case. He can't establish that there was a gratuitous forceful strike. But even if we get to that point, assuming arguendo, as Plumhoff even does in the Plumhoff opinion, in the majority opinion, says even if, then we go to the second step of the analysis, and that is whether or not the officer is entitled to qualified immunity. And that's what I'm suggesting here. If we presume that for a moment, for the purpose of this case only then, that he can, that Mr. Zell can establish that there was this strike, which in my opinion is simply ipso facto. He's injured, therefore the officer must have been gratuitous. I don't think we can get there with what we've got in the facts here. But even if you assume that, you go to the next step, which is qualified immunity. And here, the plaintiff has the burden of establishing that unless it's shown that the official violated a statutory or constitutional right. But he didn't violate any right because plaintiff can't really establish, by fact, that there was any gratuitous force. You have trouble with your circle because it seems to me it's pretty complete here. No, it's not complete, Your Honor, because there is no existing precedent that establishes this violation of constitutional right. There's no case law that establishes that the officer violated a constitutional right that was clear and distinct to the officer. You're saying that if the plaintiff could establish that he was gratuitously struck by the officer in the head, around the eye, with a flashlight, that there is no precedent that would say a gratuitous striking under those circumstances is not a use of excessive force. No. I would have to accept the fact that if there was testimony, like in some of the cases that plaintiff cited, which are completely different factually from this case, where a man is handcuffed. I believe in one of the cases that came out of New Jersey, the New Jersey State Police had a man handcuffed to the back of the car. While he's handcuffed, they struck him with a flashlight. Clearly that is gratuitous. Clearly that's a violation of the Fourth Amendment. We don't have that here. Not anywhere close. There's no extra witnesses. No one can testify, even the plaintiff. Why doesn't the jury get to decide, as between the plaintiff who says, hey, I wouldn't do anything to invite this kind of a use of force, and the officer who says, I came charging in there and I ran into him and I may well have hit him with something, I don't know. Why doesn't the jury get to decide which of those things happened, if there's no other evidence? My time is up, but my answer to you is, in the case of Ashcroft v. Al-Kid, which is a Supreme Court decision, and it says that the officer must be in a position, the plaintiff must establish that the contours of the rights that he's violating were sufficiently definite that any reasonable official in the defendant's shoes, Officer Haskins' shoes, would have understood that he was violating it. He's simply trying to put the man under control in the course of exercising a search warrant. That would be my answer. That's such a fact-dependent position to take. But it's qualified immunity. My position is that if you don't grant qualified immunity in this case, every case where an officer tightens the handcuffs too tight or he trips and falls and injures some minor injury to the plaintiff, qualified immunity could never be granted. Thank you, counsel. You will have your rebuttal time. If it pleases the Court, Hugh Davis for the plaintiff. According to the computer, I have made that greeting more than 100 times here since 1991. This is the first case in which I have not asked for oral argument. One, is it clearly established in this circuit that striking the head with a flashlight is excessive force? I cited it in my brief, Stick Me, V. Trikes, Sixth Circuit, 1990. This has been established in this circuit and in all over. The first thing police officers learn when they go to training is that strikes to the head are deadly force. The International Association of Chiefs of Police Training Manual says, don't hit them in the head. That's what he did. With regard to my client, he wasn't the object of the criminal investigation. He was in his home getting ready to go to work. These guys came charging through the door. He was shocked and confused. He started to run away and then he heard the door break and he came back. He's standing there like this and perhaps stepping backwards when he got hit. He had empty hands. He didn't have weapons. He had no criminal record, no history of violence. It was simply unnecessary. Now, how and why Officer Haskins came to do that and whether or not he should have avoided it? He should, but he didn't, and the injury occurred. My client is down on the floor when his wife comes out of the bedroom and he says, they hit me in the fucking eye. In the face of that, Mr. Straub tells you that there's no evidence that the striking occurred, and even if it did, there's no proof that it was in violation of any clearly established right. I don't think this case ought to be here. I wasn't a fan of Mitchell v. Forsythe when it was decided. I thought it was an invitation to mischief. And the defense bar in civil rights cases has been trying to expand it and sneak facts into it, and now under Plumhoff sneak summary judgment into it, and I again believe it to be an invitation to mischief. Assuming that Plumhoff was properly decided, it stands for the fact that if there is no factual dispute and the question of qualified immunity and summary judgment are inextricably intertwined and there's nothing to separate them, that yes, then under those circumstances, you can decide qualified immunity and summary judgment at the same time. Otherwise, no, and he will not come here and accept the facts as pled by plaintiff and as are clear on their face, and therefore, I think this court should take the opportunity. I used to file motions to dismiss for, you know, not properly before the court because they won't admit the facts in the way that they were pled by the plaintiff. But after getting the motion referred to the hearing panel enough times, I just stopped doing that. So here we are, and he's saying exactly what you're saying, Judge Batchelder. He won't accept the facts, and it's a circular argument. This case doesn't deserve an opinion. It deserves a dismissal based on lack of jurisdiction, and I think that this court and all the other courts ought to become more and more vigorous so that, indeed, we aren't put to this in practically every case. Now, he says, well, my client might have been concerned about this, that, this, that, and that when Mr. Zuhl disappeared around the corner. Speculation, his client might have, but Mr. Zuhl reappeared, and therefore whatever speculative concerns his client might have had were alleviated at that time. Reasonableness is a jury question, not a legal question. Disputes of fact are jury questions, not legal questions. He didn't argue it, but he adverted into his brief about my client's supposed inconsistent statements as a reason to somehow or another disbelieve my client and believe that there are no disputes of fact. My client said he was standing. That was true. My client said he was backing up. That was true. My client said he was tackled. That was true. My client said that Haskins took control of him and took him down. That was true. There were no inconsistent statements, just different expressions of the same thing. The factors. Severity of crime, none. Threat to the officers, none. Actively resisting, none. There was no excuse for any force of any kind in this situation, and the issue of gratuity can be inferred from that. No officer is going to come in and say, yeah, I decided to hit him just because I didn't like his looks, or he used to date my girlfriend, or whatever. Gratuity is inferred from the facts, and there's no avoiding it. Again, Stickney v. Trikes settles it for this circuit as of 1990. I urge you to dismiss for lack of jurisdiction. I'm not reserving five minutes. If you have any questions, I'll be happy to respond. We do not. Thank you. I respectfully point out that Stickney v. Trikes is an unpublished decision of this court from 1990. It seems to me that we have a situation that presents here that if the plaintiff really doesn't know what happened here, and all he is alleging is that I got injured. He doesn't know how he got injured. He got injured. Now, that's not a constitutional level. I'm just struggling with that because the testimony as I understood it was I did not see the flashlight when I was hit, but I knew it was a flashlight because I heard the batteries rattle in it when I was hit. Why isn't that valid testimony? Do you think that if someone's hit from behind by an officer and couldn't see it, that means that there's no dispute, that there's no factual support for a claimed improper activity on the part of the officer? To hopefully answer your question, Your Honor, I would submit this. Simply because there is a collision doesn't necessarily mean that it's gratuitous or forceful. It simply doesn't. In the process of putting someone's hands behind their back to put cuffs on them, and an officer happens to, in restraining the person, bump into him, that's not a constitutional level assault. Even though there was a striking and a blow and perhaps even a bruise left, that doesn't, in my opinion and in my argument to you today, rise to the level of a constitutional violation. That's simply what we have here. Officers are equipped. They carry pistols. They carry flashlights. They're allowed to by our system. He was, Officer Haskins, legitimately in the home. Under Michigan v. Summers, he had every right to control Mr. Zuhl. In that process, something happened. Plaintiff says, something violating a constitutional right that I had happened. But plaintiff cannot establish that what happened rose to that level. Assuming the facts, plaintiff's favor, which I struggle to do, he got hit in the eye with a flashlight. But what is the nature of the strike? Is it an incidental one? If it is, it doesn't rise to the level of a constitutional claim. Pardon me? Isn't that a question of fact and pretty material fact? It's a question of proof. It's a question of burden of going forward with the evidence which the plaintiff has. If there is insufficient evidence, you're absolutely correct. We would go to trial on that theory. Except for, now we move to the second step of the analysis, which is qualified immunity. And that goes right back to whether or not we've arrived at a constitutional level violation by the officer that was clearly defined, and I think Plumhoff uses the words, beyond debate, quoting from the Ashcroft case. We don't get there because there's no evidence that plaintiff can present to this court that there was ever a rise to the level of a constitutional violation in the first place. He alleges it, paragraph 33 of his complaint, only place, gratuitous and forceful, but he can't get there with the proofs because he doesn't know, and he's so testified. That's my presentation to the court, and I believe that it's quite persuasive. The fact that, yes, this circuit, if you take a flashlight and gratuitously smack someone over the head, that's fine, but we don't have that proof level here, and simply this court should grant qualified immunity. Thank you, counsel. The case will be submitted, and the remaining matters this morning.